UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ZEPH AARON BARRY,

                              Plaintiff,

                                                        Case # 16-CV-162-FPG

v.

                                                        DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

        Zeph Aaron Barry ("Barry" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

        Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.   ECF Nos. 11, 14.   For the reasons that follow, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

        On December 9, 2010, Barry applied for DIB and SSI with the Social Security Administration ("the SSA").   Tr.[1] 115, 280.   He alleged that he had been disabled since September 30, 2009, due to back, neck, and spinal injuries, arthritis, attention deficit hyperactivity disorder ("ADHD"), dyslexia, a hernia, migraines, and chronic obstructive pulmonary disease ("COPD").   Tr. 285.   After his applications were denied at the initial administrative level, a hearing was held before Administrative Law Judge David S.

---

[1]        References to "Tr." are to the administrative record in this matter.

Lewandowski ("the ALJ") on February 5, 2014, in which the ALJ considered Barry's applications *de novo*. Tr. 41-78. Barry appeared at the hearing with his attorney and testified. *Id.* At the hearing, Barry amended his alleged disability onset date to December 9, 2010 and withdrew his DIB application. Tr. 44. Josiah L. Pearson, a vocational expert ("VE"), also appeared at the hearing and testified. Tr. 74-78. On May 24, 2014, the ALJ issued a decision finding that Barry was not disabled within the meaning of the Act. Tr. 15-34. On October 15, 2015, that decision became the Commissioner's final decision when the Appeals Council denied Barry's request for review. Tr. 5-9. Thereafter, Barry commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.       District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.      Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  To do so, the Commissioner must

present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ's decision analyzed Barry's claim for benefits under the process described above.  At step one, the ALJ found that Barry had not engaged in substantial gainful activity since the amended alleged onset date.  Tr. 18.  At step two, the ALJ found that Barry has the following severe impairments: lumbar and cervical degenerative disease, COPD, left index and middle finger amputations, right epicondylitis, borderline intellectual functioning, ADHD, alcohol and cannabis abuse, and major depressive, generalized anxiety, antisocial personality, and panic disorders.  Tr. 18.  At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings.  Tr. 18-20.

Next, the ALJ determined that Barry retained the RFC to perform light work[2] with additional limitations.  Tr. 15-17.  Specifically, the ALJ found that Barry can occasionally perform postural activities and finger with his non-dominant upper left extremity; can frequently perform overhead activities and reach, push, and pull with his right upper extremity; cannot climb ladders, ropes, or scaffolds; must avoid hazards, environmental irritants, and cold

---

[2]        "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.  If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 416.967(b).

temperatures; can follow simple instructions and perform one or two step tasks; and can occasionally interact with others and make simple decisions.  Tr. 20-32.

At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Barry from performing his past relevant work as a tree cutter, construction worker, and roofer. Tr. 32.  At step five, the ALJ relied on the VE's testimony and found that Barry can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience.  Tr. 32-33.  Specifically, the VE testified that Barry could work as a cleaner, bagger, and table worker.  Tr. 33.  Accordingly, the ALJ concluded that Barry was not "disabled" under the Act.  Tr. 33.

## II.    Analysis

Barry argues that remand is required because the ALJ failed to properly evaluate the opinion of treating psychiatrist Kalaiselvi Rajendran, M.D. ("Dr. Rajendran").  ECF No. 11, at 9-14.  The Commissioner maintains that the ALJ properly assessed Dr. Rajendran's opinion (ECF No. 14-1. At 28-31), and this Court agrees.

The "treating physician rule" is "a series of regulations set forth by the Commissioner . . . detailing the weight to be accorded a treating physician's opinion." *De Roman v. Barnhart*, No. 03 Civ. 0075 (RCC) (AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003) (citing 20 C.F.R. § 404.1527); *see also* 20 C.F.R. § 416.927(c)(2).  Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  20 C.F.R. § 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  While an ALJ may discount a treating physician's opinion if it does not meet this standard, the ALJ must "comprehensively set

forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

 Even when a treating physician's opinion is not given "controlling" weight, the ALJ must still consider several factors in determining how much weight it should receive.  The ALJ must consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal quotation marks, alterations, and citations omitted); 20 C.F.R. § 416.927(c)(1)-(6).

The Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and a medical source's statement that a claimant is "disabled" or "unable to work" does not mean that the Commissioner will find that claimant disabled.  20 C.F.R. § 416.1527(d)(1).  The ALJ is still obligated, however, to explain why he or she refused to credit a treating physician's opinion on the ultimate issue of disability.  *See Cottrell v. Colvin*, No. 15-CV-702-FPG, 2016 WL 4523187, at *4 (W.D.N.Y. Aug. 30, 2016) (citing *Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) (summary order) (finding that the district court erred when it held that, because the treating physician's opinion went to decisions reserved solely to the Commissioner, the plaintiff was not entitled to an explanation of the reasons why the ALJ refused to credit the treating physician's findings)); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("Reserving the ultimate issue of disability to the Commissioner relieves the [SSA] of

having to credit a doctor's finding of disability, but it does not exempt administrative decisionmakers from their obligation . . . to explain why a treating physician's opinions are not being credited.").

Here, the ALJ's decision summarized treatment notes from Dr. Rajendran dated March 16 and March 27, 2012.  Tr. 29-30 (citing Tr. 606-11).  The ALJ noted that Barry's chief complaint on March 16 was a "hyperactive attention problem" (Tr. 606), and that Dr. Rajendran diagnosed him with depression, ADHD, anxiety, and borderline intellectual functioning (Tr. 29, 608).  The ALJ observed that "[o]n the basis of this initial examination, and with nothing more than [Barry]'s word that he was experiencing this host of mental and physical problems," Dr. Rajendran opined that Barry could not work due to back and neck pain and psychological issues. Tr. 29 (citing Tr. 608).  The ALJ noted that on March 27, "bas[ed] on [Barry]'s various allegations," Dr. Rajendran opined that Barry was disabled and could not hold any type of job. Tr. 29 (citing Tr. 610).

The ALJ gave Dr. Rajendran's opinion "no weight," in part because she concluded that Barry was disabled and could not work, which is "an issue reserved by law to the Commissioner."  Tr. 30.  The ALJ also discounted Dr. Rajendran's opinion because her conclusions were based on Barry's physical problems, which, as the ALJ pointed out, Dr. Rajendran did not evaluate and is not qualified to evaluate based on her expertise as a psychiatrist. Tr. 29.  These are both valid reasons under the regulations to discount the treating physician's opinion.  20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."); 20 C.F.R. § 416.927(c)(5) ("We generally give more

weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.")

The ALJ also rejected Dr. Rajendran's opinion because "[i]t is clear from reading Dr. Rajendran's reports that h[er] opinion is in fact based entirely on [Barry]'s own statements and, as noted earlier in this decision, the record makes clear [Barry]'s statements are largely not credible."   Tr. 30.   The ALJ's decision provides several reasons for discounting Barry's credibility (Tr. 22-32; *see also* §§ 20 C.F.R. 416.929(c)(3)(i)-(vii)), and Barry's motion does not dispute the credibility assessment.   ECF No. 11.

Finally, the ALJ rejected Dr. Rajendran's opinion because it was contradicted by the opinion of Michael P. Santa Maria, Ph.D. ("Dr. Santa Maria") who examined Barry on March 27, 2012, the same day that Dr. Rajendran opined that Barry could not work.   Tr. 30 (citing Tr. 605).   Dr. Santa Maria found no evidence "of any cognitive or psychological condition that would preclude [Barry] from returning to his most recent past line of work as a tree climber/cutter."   Tr. 605.   This inconsistency was also a valid reason to discount Dr. Rajendran's opinion.   20 C.F.R. 416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").   Barry argues that the ALJ should have analyzed the consistency of Dr. Rajendran's opinion with the opinion of Christopher Pino, Ph.D. (ECF No. 11, at 11-12), but the ALJ was not required to do so and, as explained, he provided several valid reasons for discounting Dr. Rajendran's opinion.   *See Rogacki v. Colvin¸* No. 15-CV-716-FPG, 2016 WL 4430600, at *3 (W.D.N.Y. Aug. 22, 2016) ("If the ALJ's conclusions are supported by substantial evidence, then those conclusions must be upheld even if there is also substantial evidence for the claimant's position.") (citations omitted); *Malloy v. Astrue*, No. 3:10-cv-190 (MRK) (WIG), 2010 WL 7865083, at *20 (D. Conn. Nov. 17, 2010)

("The ALJ was not required to discuss every shred of evidence in the medical records or to reconcile every conflicting report.") (citing *Galiotti v. Astrue*, 266 F. App'x 66 (2d Cir. 2008) (summary order)).

Accordingly, for the reasons stated, this Court finds that the ALJ properly evaluated Dr. Rajendran's opinion and was entitled to give it "no weight" for the reasons set forth in his decision.

## CONCLUSION

The Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 14, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court